IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FERNANDO GUERRERO, § 
TDCJ #2142911, §
 §
      Plaintiff, §
 §
v. §    CIVIL ACTION NO. H-17-0386
 §
MAYOR SYLVESTER TURNER, et al., §
 §
      Defendants. §

## ORDER

Plaintiff Fernando Guerrero filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that four officers employed by the City of Houston Police Department ("HPD") used excessive force against him during the course of his arrest. On June 14, 2018, the court granted the defendants' motion for summary judgment and dismissed this case (Docket Entry No. 29). Guerrero, who did not respond to the summary judgment motion, has now filed a "Motion to Reopen/Rehearing" (Docket Entry No. 31), which is dated more than a month after the final judgment on July 16, 2018. Because Guerrero seeks relief from a final judgment, the court construes the Motion as governed by Rule 60(b) of the Federal Rules of Civil Procedure. That Motion is denied for the reasons explained briefly below.

Under Rule 60(b) a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following

reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged . . .; or
>
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). Guerrero seeks relief because he claims that he was "never notified that a response to Summary Judgement was needed along with a [deadline] when [his] response was due." (Docket Entry No. 31, p. 1). Guerrero argues further that relief should be granted because he could not get any legal assistance to help him file a response. (Id.). To the extent that his motion falls under Rule 60(b)(6), relief is available "only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (citation and internal quotation marks omitted).

Guerrero's claim that he received no notice or a deadline to respond to a summary judgment motion is without merit. The court expressly advised Guerrero in an Order entered on April 11, 2017, to respond "to any motion to dismiss or motion for summary judgment

**within thirty (30) days** of the date in which the defendants mailed plaintiff his copy, as shown on the defendants' certificate of service." (Docket Entry No. 10, at p. 3 ¶ 5 (emphasis in original). Guerrero was warned in that same paragraph that his "[f]ailure . . . to respond to the defendants' motion within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure." (Id.)(emphasis in original).

To the extent that Guerrero claims that he lacked legal assistance to file a response, this is true for all prisoners who proceed pro se and does not, standing alone, constitute an exceptional circumstance that warrants relief from a final judgment. Guerrero does not otherwise take issue with the court's decision to grant the defendants' motion for summary judgment and he does not show that his case was dismissed in error.

Because Guerrero does not demonstrate that there is any basis for relief from the final judgment under Rule 60(b), it is **ORDERED** that his Motion to Reopen/Rehearing (Docket Entry No. 31) is **DENIED**.

The Clerk will provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 19th day of July, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-3-